```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**WESLEY OWENS, ET AL.**                                          **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO.: 3:02-CV-1680BN**

**FIRST FAMILY FINANCIAL SERVICES, INC.,**
**ET AL.**                                                        **DEFENDANTS**

## OPINION AND ORDER

Before the Court is the Motion of Defendants Citifinancial, Inc., First Family Financial Services, Inc., and Associates Financial Life Insurance Company ("Defendants") to Recover Attorneys' Fees and Costs Incurred From Their Motion to Disqualify and Related Discovery ("Motion for Attorneys' Fees"). Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that Defendants' Motion is not well taken and should be denied.

### I.  Factual Background and Procedural History

On July 18, 2005, the Court issued an Opinion and Order ("July 18 Opinion and Order") disqualifying Charles E. Gibson, III, C. Edward Gibson, IV, Gigi Gibson, and the Gibson Law Firm (collectively "Gibson Firm") as counsel for Plaintiffs in this matter. The facts set forth in the July 18 Opinion and Order are essentially the same facts surrounding Defendants' Motion for Attorneys' Fees. Therefore, the Court will not rehash all the facts but will briefly summarize the circumstances surrounding the Motion for Attorneys' Fees.

In 2001 and 2002, Stephanie Wilson worked as a paralegal for the law firm of Forman Perry Watkins Krutz & Tardy, LLP ("Forman Perry"). While at Forman Perry, Wilson worked on numerous consumer fraud cases in which Forman Perry represented Defendants. On April 6, 2004, the Gibson Firm hired Wilson. At that time, the Gibson Firm represented Plaintiffs in this consumer fraud action.

On November 15, 2004, Defendants moved to disqualify the Gibson Law Firm from representing Plaintiffs. Defendants argued that Wilson's employment created a conflict of interest for the Gibson Law Firm in this case because Wilson had worked on substantially related cases of Defendants while at Forman Perry. The Court agreed with Defendants and disqualified the Gibson Law Firm. In disqualifying the Gibson Law Firm, the Court was faced with an issue of first impression – whether Rule 1.10(b) of the Mississippi Rule of Professional Conduct applies to conflicts of paralegals.[1] In the absence of Fifth Circuit or Mississippi Supreme Court case law, the Court, relying on persuasive authority, held that Rule 1.10(b) did apply to paralegals. Because the cases Wilson worked on while at Forman Perry were substantially related to the

---

[1] Rule 1.10(b) states:
When ever a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interest are materially adverse to that person and about whom the lawyer had acquired information protected by Rule 1.6 and 1.9(b) that is material to the matter.

instant case, the Court found that a conflict of interest arose under the Mississippi Rule of Professional Conduct. The conflict created by Wilson's employment was imputed to the Gibson Law Firm pursuant to Rule 1.10(b). Opinion and Order, dated July 18, 2005, pp. 15-16.

Defendants now ask the Court to sanction the Gibson Firm by awarding Defendants attorneys' fees and costs incurred while litigating the issue of disqualification. Defendants allege that the Gibson Firm knew or should have known that it was creating a conflict when it hired Wilson. Pointing to a memo drafted by Wilson wherein Wilson claims she warned "everyone" at the Gibson Firm that she had worked on related consumer fraud cases at Forman Perry, Defendants urge that the Gibson Firm had full knowledge of the conflict. Moreover, Defendants argue that sanctions are warranted because the Gibson Firm misrepresented its awareness of the conflict and misrepresented that the conflict had been waived. Also, Defendants contend that the Gibson Firm mislead the court by omitting relevant information in an affidavit and that it also intentionally noticing frivolous depositions to increase the cost of litigation for Defendants.

## II.  Analysis

Defendants aver that sanctions are appropriate pursuant to 28 U.S.C. § 1927, the Mississippi Litigation Accountability Act, Miss. Code Ann. § 11-55-5(1), and the inherent power of this Court to

sanction attorneys.[2]

Under § 1927, an attorney can be charged with the attorneys' fees and costs incurred by the opposing side where the attorney "so multiplies the proceedings . . . unreasonably and vexatiously." This requires a finding by the Court of "bad faith, improper motive, or reckless disregard of the duty owed to the court." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002) (internal quotation and citation omitted). "[T]o prevent the courts from dampening the legitimate zeal of an attorney in representing his client," § 1927 should be interpreted as a penal statute and construed in favor of the attorney to be sanction. Id.(internal quotation and citation omitted). Similarly, under the Mississippi Litigation Accountability Act, attorneys' fees and cost should be awarded "if the court . . . finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or . . . was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings . . . ." Miss. Code Ann. §

---

[2] The Gibson Firm insinuates in its Response to Defendants' Motion for Attorneys' Fees that this Court no longer has the inherent equitable authority to sanctions attorneys after Congress enacted 28 U.S.C. § 1927. However, this assertion is simply not true. In an opinion issued after the enactment of § 1927, the United States Court of Appeals for the Fifth Circuit stated that federal district courts, as an alternative to § 1927, have "the inherent power to sanction an attorney who acts in bad faith." Conner v. Travis County, 209 F.3d 794, 799 (5th Cir. 2000).

11-55-5(1).

After reviewing the record in this case, the Court is unwilling to levy sanctions on the Gibson Firm. Although there is some evidence that the Gibson Firm knew or should have known that Wilson worked on similar cases of Defendants while at Forman Perry, Defendants fail to prove that the Gibson Firm acted in bad faith in arguing that disqualification was inappropriate.  Moreover, an attorney is typically not sanctioned when a court is faced with an issue of first impression. United States v. Alexander, 981 F.2d 250, 253 (5th Cir. 1993). Neither the Fifth Circuit nor the Mississippi Supreme Court had addressed all issues raised by the Motion for Disqualification. Even though the Gibson Firm did not expressly argue that conflicts of paralegals should not be imputed to a law firm, there was enough uncertainty surrounding the disqualification issue for the Court to find that the Gibson Firm did not act "unreasonably" and "vexatiously" in contesting disqualification.

Defendants also argue that the Gibson firm made numerous misrepresentations in a October 15, 2004, letter written by Charles Gibson to Defendants and the affidavit of Wilson submitted by The Gibson Firm. As for the letter of Charles Gibson, the Court cannot say with certainty that Charles Gibson made intentional misrepresentations. Defendants rely on an October 21, 2004, Memo written by Wilson and her Deposition testimony to prove that

Charles Gibson misrepresented his knowledge of Wilson's involvement in the similar cases of Defendants while at Forman Perry. Although Wilson's Memo and Deposition somewhat contradict the assertions made by Charles Gibson in the letter, the Court can not take Wilson's statement as the absolute truth. In fact, there is reason to question Wilson's credibility. As Defendants themselves point out, there are several inconsistencies between the October 21, 2005, Memo of Wilson and Wilson's Affidavit, both of which were documents signed by Wilson. In that same vein, the assertion made in Wilson's Affidavit are those of Wilson, not the Gibson Firm. Moreover, Defendants' allegations of misrepresentations are based on facts that were omitted in Wilson's Affidavit and not on any intentional affirmative misrepresentations. Defendants have further failed to prove that the assertions regarding waiver of the conflict were misrepresentations made to deceive Defendants or the Court.

Finally, Defendants' contend that the Gibson Firm noticed seven unnecessary depositions. However, Defendants merely make a blanket allegation of impropriety on the part of the Gibson Firm regarding the depositions. They fail to elaborate on why these depositions were frivolous or noticed in bad faith.

Accordingly, the Court finds that the Gibson Law Firm should not be held responsible for attorneys' fees and costs incurred by Defendants in litigating their Motion for Disqualification.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendants Citifinancial, Inc., First Family Financial Services, Inc., and Associates Financial Life Insurance Company to Recover Attorneys' Fees and Costs Incurred From Their Motion to Disqualify and Related Discovery [docket entry no. 77] is not well taken and is hereby denied.

SO ORDERED this the 6th day of January, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj